UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** <br><br> **Plaintiff,** <br><br> v. <br><br> **EDUARDO ALEXANDER DANA,** <br><br> **Defendant.** | No. 25-MJ-000152 |

**ORDER**

On September 4, 2025 at 12:30 p.m., the parties appeared before the Court for a Preliminary Hearing. At 12:04 p.m. the government emailed the Court stating that "a short time ago" they filed misdemeanor charges in D.C. Superior Court against Mr. Dana. Based on this, the government stated that it "no longer intends to pursue the federal charge that is at issue." The government concluded that it "anticipate[s] filing a motion to dismiss the federal case before the close of business today." The government sought to cancel the hearing before the undersigned based on this. However, doing so would have precluded any oversight of the government's inexcusable actions.

At the hearing, the Court ORDERED the United States Attorney's Office to file a memorandum addressing the following issues:

(1) When did the government inform the defense that it was seeking to dismiss the case;

(2) Why was a motion to dismiss not filed at the same time the misdemeanor charges were filed in Superior Court?;

(3) Why was a motion to dismiss not filed before the preliminary hearing;

1

(4) Why was a motion to dismiss not filed the moment the government decided to dismiss the case?;

(5) What is being done to remedy what happened to Mr. Dana, including a motion to dismiss with prejudice and/or expungement of his arrest record.

The Justice Manual states that the U.S. Attorney should only commence prosecution if she believes "that the admissible evidence will probably be sufficient to obtain and sustain a conviction. . . . [This] sets forth the longstanding threshold requirement from the *Principles of Federal Prosecution* that a prosecutor may commence or recommend federal prosecution only if he/she believes that the person will *more likely than not* be found guilty *beyond a reasonable doubt* by an unbiased trier of fact and that the conviction will be upheld on appeal." U.S. Dep't of Just., Just. Manual § 9-27.220  (available at https://www.justice.gov/jm/jm-9-27000-principles-federal-prosecution#9-27.220) (emphasis added). Given that there have been an unprecedented number of cases that the U.S. Attorney dismissed in the past ten days,[1] all of whom were detained for some period of time, the Court is left to question if this principle still applies.

If the government is not seeking to dismiss this case with prejudice and expunge Mr. Dana's arrest, it is then ORDERED to submit briefing as to why not by September 8. Defendant shall file its response by September 12. The government shall file its reply by September 16.

---

[1] Just yesterday, the government dismissed another case arising from the federal surge with prejudice.

2

In the interim, the government orally moved during the hearing to dismiss the case without prejudice pursuant to Rule 48. The defendant did not object. The Court GRANTED that motion and DISMISSED the case without prejudice.

Date: September 4, 2025

                                                                              _____
ZIA M. FARUQUI
UNITED STATES MAGISTRATE JUDGE