**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**


| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **Crim. No. 1:25MJ152** |
| | ) | |
| **EDWARD ALEXANDER DANA** | ) | |


<u>**EDWARD DANA'S RESPONSE TO THE GOVERNMENT'S BRIEF OPPOSING MR.**
**DANA'S MOTION TO DISMISS COMPLAINT WITH PREJUDICE AND TO**
**EXPUNGE HIS ARREST**</u>

The Department of Justice Manual instructs that an "attorney for the government should commence or recommend federal prosecution if he/she believes that a person's conduct constitutes a federal offense, and that admissible evidence will probably be sufficient to obtain and sustain a conviction." Justice Manual Section 9-27.220

Notwithstanding this clear guidance, the government charged Edward Dana in federal court with Threats against the President, in violation of 18 U.S.C. § 871 based upon evidence it should have known would never sustain a conviction, let alone a probable cause finding. Mr. Dana's purported threats were recorded because they were made in the back of a police car while Mr. Dana was being transported to the station after having been arrested for allegedly damaging a light fixture outside a bar. During the ride to the station, Mr. Dana declared repeatedly that he was intoxicated and that he has a mental disability. He is heard singing and rambling about different topics, including the Huguenots and the Russian mafia. His purported threat was conditional, unserious, and in no way conveyed that Mr. Dana truly meant to commit an act of violence against the President.

A brief perusal of Westlaw would notify any attorney or law student that the Supreme Court has established clear precedent—known as the "true threats" doctrine—which limits the

type of speech that can be prosecuted under a federal criminal threats statute. An objective review of the evidence and a basic understanding of the law should have led the government to the conclusion that this was not a case to prosecute in federal court under Section 871. But, apparently ignoring its own Manual and the law and the facts, the government elected to charge Mr. Dana by complaint with Threats to the President and requested his pre-trial detention under the Bail Reform Act. Mr. Dana was detained at the D.C. Jail for one week until the Magistrate Court released him. The Chief Judge subsequently affirmed the Release Order.

Shortly after Mr. Dana was released, the government notified the Court that the government had failed to obtain an Indictment. Evidently, the grand jurors understood what the government should have grasped from the outset: there is no probable cause that Mr. Dana committed Threats against the President. The government opposed counsel's motion to dismiss and only moved to dismiss the federal case under Rule 48 after filing an Information charging Mr. Dana with misdemeanor destruction of property and attempted threats in Superior Court. The government opposed Mr. Dana's motion to dismiss the federal complaint with prejudice.

## ARGUMENT

### I.  The complaint should be dismissed under Rule 48

Federal Rule of Criminal Procedure 48(a) "allow[s] courts to consider the 'public interest, fair administration of criminal justice and preservation of judicial integrity'" in determining whether to grant a dismissal without prejudice. *United States v. Poindexter*, 719 F. Supp. 6, 10 n. 10 (D.D.C. 1989) (quoting *United States v. Strayer*, 846 F.2d 1262, 1265 (10th Cir. 1988)); *see also United States v. Borges*, 153 F. Supp. 3d 216, 219 (D.D.C. 2015) (same). The Court may reject a government motion for dismissal without prejudice and order a dismissal with prejudice.

*Poindexter*, 719 F. Supp. at 10. Indeed, courts have an independent obligation to ensure that dismissal without prejudice would not prejudice a defendant.

Though there is "a strong presumption in favor of a no-prejudice dismissal, the ultimate decision in that regard depends upon the purpose sought to be achieved by the government and its effect on the accused." *Id*. "The primary reason for the 'leave of court' requirement [in Rule 48(a)] is to 'protect a defendant from harassment, through a prosecutor's charging, dismissing without having placed a defendant in jeopardy, and commencing another prosecution at a different time or place deemed more favorable to the prosecution.'" *United States v. Pitts*, 331 F.R.D. 199, 202 (D.D.C. 2019) (quoting *United States v. Ammidown*, 497 F.2d 615, 620 (D.C. Cir. 1973)); *Rinaldi v. United States*, 434 U.S. 22, 30 n.15 (1977).

Finding that a defendant would be subject to harassment through dismissal without prejudice does not require a showing of bad faith on the part of the government. "[T]he question is not whether the government was acting in bad faith, but rather whether the actions of the government objectively amounted to harassment." *Pitts*, 331 F.R.D. at 203; *see also United States v. Salinas*, 693 F.2d 348, 353 (5th Cir. 1982) (indictment should have been dismissed with prejudice where government moved to dismiss due to dissatisfaction with selected jury). The Court must consider the purpose the government is seeking to achieve and the effect on the accused. *United States v. Madzarac*, 678 F. Supp. 3d 42, 46 (D.D.C. 2023); *United States v. Adams*, 777 F. Supp. 3d 185, 217 (S.D.N.Y. 2025) ("A court can determine whether the potential for harassment renders a dismissal with prejudice in the public interest by looking at the *purpose* of the government's dismissal and the *effect* it has on the defendant." (quoting *Madzarac*, 678 F. Supp. 3d at 46)). If dismissal would result in harassment to the defendant, dismissal without prejudice will *never* be in the public interest because "[i]t is obvious that the public interest is not served by

harassing the defendant." *Salinas*, 693 F.2d at 351 n.15; *see also United States v. Omni Consortium, Inc.*, 525 F. Supp. 2d 808, 812 n.3 (W.D. TX 2007)

Dismissal of an indictment for the purpose of re-bringing it at a time or place more favorable to the government is precisely the type of conduct that Rule 48(a) was designed to prevent. *Rinaldi*, 434 U.S. at 29 n.15 ("The principal object of the 'leave of court requirement is . . . to protect a defendant against prosecutorial harassment, *e.g.*, charging, dismissing, and recharging, when the Government moves to dismiss an indictment over the defendant's objection."). The leave of court requirement included in Rule 48(a) has been characterized as a "power to check power," *United States v. Cowan*, 524 F.2d 504, 513 (5th Cir. 1975)—an "essential check on potential misconduct by the executive branch," *United States v. James*, 861 F. Supp. 151, 155 (D.D.C. 1994). "To ensure that the government's request for dismissal of criminal charges 'sufficiently protects the public,' the government may be required to submit 'a statement of reasons or underlying factual basis,' which must be 'substantial' to justify the dismissal and not 'a mere conclusory statement.'" *United States v. Mangia¸* 2025 WL 266493 (Jan. 22, 2025) (Howell, J.) (quoting *Ammidown*, 497 F.2d at 620). Here, the government has provided no "sufficient basis for avoiding dismissal with prejudice." *Poindexter*, 719 F. Supp. at 11. The government submits that it seeks dismissal without prejudice because it has determined that prosecution is better suited for another venue. That explanation, however, omits the basis for the decision to move this charge to another venue and the charge filed in the other venue.

The underlying basis for the government's decision is the return of no true bill by the federal grand jury following the presentation of the government's case. Dissatisfied with the decision of the grand jury, the government now is seeking to avoid the participation of any jurors in the determination of the charges against Mr. Dana. The government filed a misdemeanor

complaint against Mr. Dana in the Superior Court of the District of Columbia. In doing so, the government is simply seeking a more advantageous position which Rule 48 prohibits. *See Pitts*, 331 F.R.D at 201 ("[b]ecause dismissal without prejudice constitutes a strategic use of Rule 48 prohibited under District of Columbia Circuit precedent…and objectively amounts to prosecutorial harassment, the Court will dismiss the indictment with prejudice"); *United States v. Simmons*, Case No. 18-cr-344 (EGS), 2022 WL 1302888 at *19 (D.D.C. May 2, 2022) (Sullivan, J.) ("Courts have found that government conduct constitutes harassment if the reason for the dismissal is to gain a tactical advantage.").

The complaint in this matter charges Mr. Dana with Threats against the President. The complaint filed in Superior Court, however, charges misdemeanor destruction of property and misdemeanor attempted threats. The government is seeking leave to keep open the option of refiling felony threat charges for the remaining allegations in the federal complaint at some later time—perhaps when a new grand jury is empaneled. Doing so "would objectively amount to harassment" by allowing "the prosecutor to dismiss charges but nevertheless keep them in abeyance for an indefinite period of time in the hope of expectation that something will turn up to remove the complications" of the initial prosecution. *Poindexter*, 719 F. Supp. at 11. Courts should not dismiss charges without prejudice to permit the government to "'*commence[] another prosecution at a different time or place deemed more favorable to the prosecution.*'" *Id.* (emphasis in original) (quoting *Ammidown*, 497 F.2d at 620). "[S]uch a strategy of dismissing a case without prejudice in order to bring it again under more advantageous circumstances is precisely the kind of tactical situation that is prohibited by Rule 48(a) and its progeny." *United States v. Borges*, 153 F. Supp. 3d 216, 220 (D.D.C.) (quotation marks omitted); *United Salinas*, 693 F.2d at 353.

Indeed, the Fifth Circuit has found dismissal with prejudice appropriate where the government sought dismissal without prejudice simply to bring the charges before a different jury. *Salinas*, 693 F.2d 348. In *Salinas*, the Fifth Circuit held that where the government sought dismissal because "[t]he government was simply displeased with the selected jury," the government could not retain the right to bring the charges again and get a second bite at the apple of picking a jury. The logic of *Salinas* extends to grand juries as well.

The government here is seeking the ability to hold the charges in abeyance indefinitely to someday, perhaps, try their hand with another grand jury. Given the gate-keeping function the leave of court requirement serves, when deciding whether to grant leave to dismiss under Rule 48, a court cannot simply "rubber stamp [ ] the prosecutor's decision." *Ammidown*, 497 F.2d at 622. Protecting the defendant from "prosecutorial harassment, *e.g.*, charging, dismissing, and recharging," must be the court's "primary" consideration when deciding whether to grant the government leave to dismiss post-indictment. *Rinaldi*, 434 U.S. at 30 n.15; *see also United States v. Cox*, 342 F.2d 167, 171 (5th Cir. 1965). Here, the government has engaged in precisely the "prosecutorial harassment" that the Supreme Court has held Rule 48 is designed to prevent: "charging, dismissing, and recharging" a case at a time or place more beneficial to the government. *Rinaldi*, 430 U.S. at 30 n.15. This "prospect of reindictment" cannot be permitted to "hang[] like the proverbial Sword of Damocles over the accused." *United states v. Adams*, 777 F. Supp. 3d 185, 216 (S.D.N.Y. 2025).

Several courts in this district have dismissed cases with prejudice to avoid similar government attempts to obtain a tactical advantage. *See, e.g., Pitts*, 331 F.R.D. 199 (dismissing with prejudice where government failed to timely obtain DNA testing consistent with court's discovery order and sought dismissal to obtain testing and bring charges again); *Borges*, 153 F.

6

Supp. 3d at 220 (D.D.C. 2015) (dismissing with prejudice where government sought dismissal without prejudice in the hope that witness problem would later be cured); *Poindexter*, 719 F. Supp. 6 (dismissing with prejudice charges government sought to dismiss without prejudice because classified information precluded presentation of evidence, finding that allowing government such tactical advantage would be harassment).

The unusual circumstances of this case similarly support dismissal with prejudice. *Borges*, 153 F. Supp. at 220 (finding dismissal with prejudice warranted where facts unusual and unlike typical cases). Dismissal with prejudice is particularly appropriate where "the "integrity of the government's case has been tainted." *Id.* The government's decision to bring excessive federal charges and then failing to meet its burden before a grand jury is an unusual circumstance. The frequency of such "no-bills" in recent weeks demonstrates a pattern of abuse by the United States Attorney's Office. Indeed, while discussing these recent cases with the media, seasoned federal prosecutors assert this is something they have never seen. One former member of the U.S. Attorney's office told CBS News, "Not only have I never heard of this happening, I've never heard of a prosecutor who's heard of this happening."[1] Another asserted that "[i]t is exceptionally rare for federal grand juries to reject proposed changes, given the low evidentiary bar for indictment and the Justice Department's policy of pursuing cases only when there is sufficient evidence to both secure and sustain a conviction."[2] Yet another former prosecutor told National Public Radio that between his 35 years of experience and a former colleague's 25 years of experience, they were

---

[1] Scott McFarlane, *D.C. grand jurors reject latest wave of Justice Dept. indictment requests*, CBS News (Sept. 3, 2025).

[2] *Id.; see also* 9 Justice Manual § 9-27.220 (An "attorney for the government should comment or recommend federal prosecution if he/she believes that the persons' conduct constitutes a federal offense, and that the admissible evidence will probably be sufficient to obtain and sustain a conviction.").

aware of only one failure to obtain an indictment by the U.S. Attorney's Office: "We compared notes last week. He never had a case no-billed by the grand jury, and I just had one."[3] The U.S. Attorney's Office recently argued that the return of multiple "no-bills" by federal grand juries demonstrates that "[t]he system here is broken on many levels."[4] To the contrary, the grand juries are exercising their constitutional duty to reject the U.S. Attorney's overreach. The grand jury is an important constitutional protection against trumped up charges and a feature of our criminal justice system, not a bug. The Fifth Amendment guarantees that no American will be subject to a felony prosecution without the government first proving to a grand jury of the defendant's peers that it has probable cause to initiate the prosecution. U.S. Const. amend. V. Current events are proving in real time why the Founders put this protection in place. The U.S. Attorney's statements publicly disparaging the work of the grand jury is yet another unusual circumstance justifying dismissal with prejudice.

## II.    The complaint should be dismissed with prejudice under the Speedy Trial Act

The Speedy Trial Act requires the filing of an information or indictment within 30 days of a defendant's arrest. Mr. Dana was arrested on August 17, 2025, and the 30 days will expire on September 17, 2025. The Act provides, "If, in the case of any individual against whom a complaint is filed charging such individual with an offense, no indictment or information is filed within the [30-day] time limit required . . . such charge against the individual contained in such complaint shall be dismissed or otherwise dropped." 18 U.S.C. § 3162(a)(1). When determining whether to dismiss with or without prejudice, the Court must consider: "the seriousness of the offense; the

---

[3] Carrie Johnson, *As Trump cracks down on D.C. crime, grand juries emerge as a check on overreach*, National Public Radio (Sept. 5, 2025).

[4] McFarlane, *supra*.

facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of [the Speedy Trial Act] and on the administration of justice." *Id.*

Here, the 30 days allotted for the government to obtain an indictment has nearly passed and the government has not and will not obtain an indictment within that time. Because the government has failed to obtain an indictment, as contemplated in § 3162, the Court should consider the factors outlined for deciding whether to dismiss with prejudice. All three of these factors support dismissing the complaint with prejudice.

**Seriousness of the offense.** Of course, accusing someone of threatening anyone, whether that threat be to injure, harm, or kidnap, is certainly not a frivolous charge. First Amendment Speech, however, is protected and only "true threats" may be criminalized. *Counterman v. Colorado*, 143 S. Ct. 2106, 2114 (2023). *See* Mr. Dana's Memorandum Regarding Probable Cause, ECF. No. 15 Here, the government presented its evidence to a grand jury, and that grand jury apparently correctly concluded that the government's evidence does not demonstrate probable cause to believe Ms. Dana's made statements that were "true threats."

**The facts and circumstances of the dismissal.** As discussed above, the facts and circumstances around the dismissal here are highly unusual. The grand jury has found that the government cannot meet its low burden of showing the probable cause necessary to continue with a case against Mr. Dana. That the government is dismissing its case against Mr. Dama because a grand jury has said that it cannot move forward counsels in favor of dismissing this case with prejudice.

**The impact of reprosecution.** The government reprosecuting this case would be a substantial, unnecessary burden on judicial economy and this Court. The grand jury has shown that the government does not have the necessary evidence to proceed with this case. Nothing about

that is going to change. Were the government to bring this case again, it would be presenting the same evidence to the grand jury and making the same arguments to the Magistrate Court and the District Court for preliminary hearings. The result would be the same and judicial resources would have been wasted once again. This factor also favors dismissing with prejudice.

### III.  Mr. Dana's arrest for Threats against the President should be expunged.

The government claims expungement is inappropriate here, ECF No. 20 at 14-20, but they are wrong. While there may be no applicable expungement statute, "courts have the inherent, equitable power to expunge arrest records." *Livingston v. United States Department of Justice*, 759 F.2d 74, 78 (D.C. Cir. 1985). This is true both where there is an "unlawful … arrest" and where "equitable considerations" support it. *United States v. McKnight*, 33 F. Supp. 3d 577, 581 (D. Md. 2014) (noting that "the courts clearly have ancillary jurisdiction to expunge records of unlawful … arrests," while expunging arrest record where individual completed pretrial diversion program using its equitable discretion to "manage its proceedings, vindicate its authority, and (in particular) effectuate its decrees." (internal quotations omitted)).

As one court explained:

> In the absence of a specific denial of power, this court may fully effectuate its jurisdiction and do complete justice in the cases before it. *Morrow v. District of Columbia,* [] 417 F.2d 728, 737-738 [(D.C. Cir. 1969)]. *Cf.*, 28 U.S.C. § 1651 (All Writs Statute). This plenary power undoubtedly includes the authority to order expunction of criminal records where circumstances demand such action. *Menard v. Mitchell*, [] 430 F.2d 486 ([D.C. Cir.] 1970); *Kowall v. United States*, 53 F.R.D. 211, 213 (W.D. Mich. 1971) (expunction ordered in connection with granting relief under 28 U.S.C. § 2255); *United States v. Kalish,* 271 F.Supp. 968 (D.P.R. 1967). . . . Expunction has generally been ordered where the arrest was without probable cause, *Menard v. Mitchell*, *supra*, for harassment, or where there are extraordinary circumstances such as mass arrest. *See, e.g., Wheeler v. Goodman*, 306 F.Supp. 58, 65-66 (W.D.N.C. 1969).

*United States v. Bohr*, 406 F. Supp. 1218, 1219 (E.D. Wis. 1976) (granting expungement where the court dismissed the indictment upon the filing of a motion to quash).

10

Here, Mr. Dana was arrested and charged with a crime that he did not commit. While it is true that he (drunkenly and unintelligibly) uttered the conditional statement, in substance, "if I have to defend the constitution by killing you or the president," the context surrounding his statement should have made clear Mr. Dana's words were not a "true threat" as set forth in Supreme Court precedent. And yet, the government pressed on, seeking to detain Mr. Dana based upon exceedingly weak evidence.

Expungement is wholly appropriate in these extraordinary circumstances. As in *McKnight* and *Bohr*, "[Mr. Dana's] case never reached the trial stage[,]" and "[w]ithout subsequent proceedings, expunction of the [] arrest records would be a simple and brief matter." *Bohr*, 406 F. Supp. at 1219. Moreover, the balance of equities is clearly in Mr. Riley's favor. "The potential that improper inferences will be drawn from arrest records is significant." *Id*. at 1220 (citing *Morrow v. District of Columbia,* supra, at 742; *Menard v. Mitchell,* supra, at 491). Yet, these records are the product of the government ignoring its own guidance, disregarding established precedent and a "charge first, ask questions later" mentality at the U.S. Attorney's Office. Jamieson, *Judge Warns Of 'Lawlessness' In Trump's DC Policing Takeover*. There is simply no valid interest that the government or the public has in maintaining access to records that are a product of a reckless prosecution and the arrest record for a federal offense should be expunged.

The government claims that expungement is inappropriate here because the light fixture charge remains pending in Superior Court. ECF No. 20 at 14-15. This is a red herring. This Court has no power to expunge the Superior Court records and Mr. Dana does not claim otherwise. This record will remain—for the time being that is, since it too may be dismissed, and the Superior Court may then use its authority to seal those records under § D.C. Code § 16-806(a)(1). There is

simply no valid interest in smearing Mr. Dana with the improper inferences that will be drawn from the presence of a serious federal charge on his record.

Respectfully Submitted,

A.J. KRAMER
FEDERAL PUBLIC DEFENDER


_____/s/_____
ELIZABETH MULLIN
Assistant Federal Public Defender
625 Indiana Avenue, N.W., Suite 550
Washington, D.C.  20004
(202) 208-7500